UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAINTERS JOINT COMMITTEE, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>J.L. WALLCO, INC. Dba Wallternatives, et al.,<br><br>            Defendants. | 2:10-CV-1385 JCM (PAL) |

**ORDER**

Presently before the court is plaintiffs Employee Painters Trust Health & Welfare Fund's, IUPAT Industry Pension Fund's, Painters Apprentice Training Trust Fund's, Painters Industry Promotion Fund's, Painters JCIP Fund's, Painters Joint Committee's, Painters Labor Management Contract Fund's, Painters Organizing Fund's, and Painters Vacation-Holiday Savings Fund's motion to strike defenses. (Doc. #22). The defendants Claudia Bammer, Genuine Quality Coatings, Inc., Great American Insurance Company, Richard Rejan Nieto, Richard Raoul Nieto, and Sunrise Painting/RCH, Inc., have responded (doc. #23), and plaintiffs have replied (doc. #24).

Also before the court is plaintiffs' motion to file amended complaint. (Doc. #44). To date, no response has been filed.

**I.    Motion to Strike**

Plaintiffs move the court pursuant to Federal Rule of Civil Procedure 12(f) to strike certain defenses asserted in defendants' answer (doc. #19).

**James C. Mahan**
**U.S. District Judge**

### A. Factual Basis for the Defenses

First, plaintiffs contend that the defenses are generic, unsupported by the facts, and should be stricken for failure to comply with the *Twombly* pleading standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that facts must state a claim that is plausible on its face). Although the Ninth Circuit has not had occasion to address whether *Twombly* applies to the pleading of affirmative defenses, this court sees no need to address the issue here, as plaintiffs have identified no resulting prejudice from the court's decision to allow the defenses to stand until the parties have completed discovery. Accordingly, the motion to strike is denied on this ground.

### B. Multiemployer Pension Plan Amendments Act of 1980

Second, plaintiffs allege that all contract defenses asserted in the answer are inapplicable under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Defendants retort that only Employee Retirement Income Security Act ("ERISA") <u>employers</u> are precluded from bringing such defenses. Although plaintiffs have alleged that defendants GQC, RCH, Richard, Rick, and Claudia are alter-egos of Wallternatives, that is an issue to be proved by the evidence and should not be the basis for a motion to dismiss.

The court agrees with defendants. Plaintiffs are seeking to strike the defenses on the grounds that the defenses are not available to ERISA employers, even though the burden rests on the plaintiffs to prove that the defendants are ERISA employers by way of their alter-ego claim in the first place. Whereas this argument goes to the merits of the complaint, rather than the pleading standard, the court denies the motion to strike on this ground.

### C. Negative Defenses

Third, plaintiffs allege that defenses 15, 16, 17, 18, 19, and 20 are "negative defenses" rather than "affirmative defenses" and should be stricken because they merely restate facts already denied in defendants' answer. Defendants retort that "[a]n improper designation of a denial as an affirmative defense should be disregarded and plaintiff put to his proof as if defendant's negative averment had been properly labeled a specific denial." (Doc. #23 at 8:28–9:1–2) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1269 (2d ed. 1990)).

1  The court agrees with defendants that these defenses should not be stricken. Again, the plaintiffs have identified no harm in allowing the defenses to remain in the answer until the parties have completed discovery, at which time the court will be better informed and able to determine which defenses are viable. Accordingly, the court denies the motion to strike on this ground.

**II.  Motion to File Amended Complaint**

Plaintiffs move the court for leave to file a second amended complaint to: (1) add general contractor defendant Schrader and Martinez Construction, Inc., and its license and bonding company Merchants Bonding Company; and (2) to add general contractor defendant William Nyles Ross d.b.a. Quality Choice Construction and license bonding company Western Surety Company. (Doc. #44).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The local rules of federal practice in the District of Nevada qualify this rule, and require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

Here, plaintiff has complied with the local rule and attached the proposed, amended complaint. Whereas the defendants have failed to respond to the motion, the court sees no reason to depart from the general rule, which provides leave to amend freely when justice so requires.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to strike defenses (doc. #22) be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that plaintiffs' motion to file amended complaint (doc. #44) is hereby GRANTED. Plaintiff shall file and serve the second amended complaint.

DATED June 14, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**