1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6          **DISTRICT OF NEVADA**

7

8     PAINTERS JOINT COMMITTEE, *et al.,*            )
                                                      )
9                              Plaintiffs,            )     Case No. 2:10-cv-01385-JCM-PAL
                                                      )
10    vs.                                             )          **ORDER**
                                                      )
11    EMPLOYEE PAINTERS TRUST HEALTH &                )        (Mot Quash - Dkt. #85)
      WELFARE FUND, *et al.,*                         )
12                                                    )
                               Defendants.            )
13    _____      )

14          Before the court is the Motion to Quash Subpoena to Testify at a Deposition or to Produce

15    Documents in a Civil Action Served on Non-Party B&H Construction, Inc. (Dkt. #85) filed August 10,

16    2011.  The court has considered the motion, and Plaintiffs' opposition (Dkt. #88) filed August 19, 2011.

17    No reply was filed and the time for filing a reply has now run.

18          Non-party B&H Construction ("B&H") seeks to quash a subpoena served on it on July 28, 2011,

19    pursuant to Rules 45(c)(2) and 45(c)(3) of the Federal Rules of Civil Procedure on several grounds.

20    First, non-party B&H argues the subpoenas request the production of documents and deposition

21    testimony which is intrusive, expensive and burdensome.  Additionally, counsel for B&H argues the

22    subpoena was untimely served as discovery in this case closed July 24, 2011.  B&H also argues

23    Plaintiffs' subpoenas are procedurally defective because it fails to set out the text of Rule 45(c) and (b),

24    and is overbroad, unduly burdensome and seeks privileged information.  Specifically, the subpoenas

25    seek "any and all documents relating to Sunrise Painting/RCH, Inc., J.L. Wallco, Inc., Wallternatives,

26    Genuine Quality Coatings, Richard R. Nieto, Claudia Bammer, and/or Richard Nieto d/b/a Genuine

27    Quality Coating, including, but not limited, bids, proposals, contracts, sub-contract, agreements,

28    invoices, pay applications, evidence of payment and correspondence for the period July 11, 2006

1   through current.  The subpoena is overbroad because it seeks any and all documents relating to seven

2   entities over a five-year period of time.

3        Additionally, the subpoena seeks information from B&H that is commercially sensitive and

4   kept confidential by B&H.  As a general contractor, B&H bids public works projects throughout

5   Nevada, and its methodology, bids, proposal, contract, sub-contracts and agreements are commercially

6   sensitive materials that are vitally important to its ability to remain competitive.  Accordingly, its

7   "confidential research, development or research information" are protected from disclosure under Rule

8   45.  Plaintiffs' subpoena is overbroad in seeking "any and all documents" because it purports to require

9   B&H to produce documents protected by the work product doctrine and/or attorney client privilege.

10  B&H and Richard Nieto d/b/a Genuine Quality Coatings are actively engaged in litigation in state court,

11  and literal compliance with the subpoena would call for the production of privileged material.  Finally,

12  counsel for B&H argues that Plaintiffs failed to provide adequate time to respond.  The subpoena was

13  served July 28, 2011, and purported to require B&H to appear on August 11, 2011, with the documents

14  requested at a deposition.  B&H argues this is unreasonably short notice and a non-party should not be

15  forced to stop its ordinary work and compile documents because Plaintiffs elected to wait to request the

16  discovery.

17       Plaintiffs oppose the motion asserting that it was not until July 19, 2011, five days before the

18  discovery cutoff, that Plaintiffs learned B&H Construction was a general contractor to Genuine Quality

19  Coatings.  Plaintiffs dispute that the subpoena is overbroad, stating that a party seeking discovery by

20  subpoena "does not know of each and every document being sought".  Plaintiffs learned B&H did

21  business with Defendants and "the discovery process requires the disclosure and evaluation of

22  documents associated with the Defendants so that the issue of alter-ego can continue to be vetted

23  through discovery and resolved at summary judgment and/or trial."  Plaintiffs assert that the subpoena

24  served on B&H seeks factual data relevant to their alter ego claim, and that B&H has impermissively

25  focused on the "any and all" language of the subpoena while ignoring the more tailored request for

26  information concerning specific parties for a specific period of time.

27       Plaintiffs also dispute that complying with the subpoena will be burdensome.  Acknowledging

28  that "at first blush" the phrase "any and all" may seem broad, Plaintiffs argue the nature of alter ego

1   claims require more than just a "rudimentary review of documents relating to one party."  Additionally,

2   if B&H is already in litigation with Genuine Quality Coatings, it should already have file information

3   compiled for that case and Plaintiffs believe it should not be too difficult to "repackage documents that

4   should already have been produced."  Counsel for Plaintiffs also do not believe that it would take much

5   time for B&H to produce the requested documents because Plaintiffs' counsel has represented general

6   contractors for years.  Plaintiffs  argue that B&H has failed to establish the existence of a privilege, and

7   that the universally accepted means of claiming privilege is the production of a privileged document

8   log.

9           Plaintiffs disclose that they may pursue filing a motion to amend the complaint to add B&H as a

10  party as a general contractor which is liable for unpaid labor of subcontractors pursuant to NRS

11  608.150.

12           Plaintiffs assert the subpoena is not untimely because the court directed the parties to submit a

13  proposed Discovery Plan and Scheduling Order after the district judge gave Plaintiffs leave to amend

14  the complaint to add additional Defendants.  Plaintiffs refer to the notice of electronic filing filed July

15  20, 2011, (Dkt. 88) reflecting Defendants filed an Answer (Dkt. #53) to the Amended Complaint July

16  20, 2011.  The notice of electronic filing contains a docket text entry by the clerk's office indicating that

17  the certificate of interested parties was due July 30, 2011, and a discovery plan and scheduling order

18  was due by September 3, 2011.  Thus, Plaintiffs argue it was clear that discovery would continue in this

19  case despite the original July 24, 2011 discovery cutoff.  Finally, Plaintiffs dispute that the subpoena

20  was procedurally defective.  The face of the subpoena states that Rule 45(d) and (e) are attached.

21  Counsel for Plaintiffs doesn't' know whether the attachments were not actually provided or whether

22  B&H's resident agent detached the provisions.  However, even if Plaintiffs failed to attach these

23  provisions of  Rule 45  B&H is not prejudiced by the omission because these rules only give notice of

24  the right to oppose the subpoena.

25          Rule 45(c)(1) imposes a duty on parties to "take reasonable steps to avoid imposing undue

26  burden or expense" on a person subject to a subpoena.  The court finds the subpoena issued to non-

27  party B&H is overbroad on its face in requesting "any and all documents" for a five-year period of time

28  involving seven different individuals and entities.  *See,  Moon v SCP Pool Corp*., *232 FRD 633, 637*

1   (*C.D.Cal 2005*).  Contrary to Plaintiffs' arguments, the court finds the subpoena is not narrowly tailored

2   to obtain discovery relevant to Plaintiffs' alter ego claim in this case.  As the Ninth Circuit recognized

3   in *Theofel v. Farey-Jones*:

4   　　　The subpoena power is a substantial delegation of authority to private parties, and those
　　　who invoke it have a grave responsibility to ensure that it is not abused . . .  Fighting a

5   　　　subpoena in court is not cheap, and many may be cowed into compliance with even
　　　overbroad subpoenas, especially if they are not represented by counsel or have no

6   　　　personal interest at stake.

7   359 F 3d 1066, 1074-75 (9th Cir 2004).

8   　　　Having reviewed and considered the matter,

9   　　　**IT IS ORDERED** the Motion to Quash Subpoena to Testify at a Deposition or to Produce

10  Documents in a Civil Action Served on Non-Party B&H Construction, Inc., (Dkt. #85) is **GRANTED**.

11  　　　Dated this 28th day of September, 2011.

12

13  　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　Peggy A. Leen

14  　　　　　　　　　　　　　United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28