UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAINTERS JOINT COMMITTEE, *et al.*,

                Plaintiffs,

vs.

EMPLOYEE PAINTERS TRUST HEALTH & WELFARE FUND, *et al.*,

                Defendants.

Case No. 2:10-cv-01385-JCM-PAL

**ORDER**

(Mot Quash - Dkt. #59)
(Mot Atty Fees - Dkt. #61)

Before the court is Defendants' Motion to Quash Subpoena Directed to Bank of America, N.A., and Wells Fargo Bank, N.A. (Dkt. #59), and Motion for Fees and Costs (Dkt. #61). The court has considered the Motions, Plaintiffs' Opposition (Dkt. #62), Supplement to Plaintiffs' Opposition (Dkt. #67), Defendants' Reply (Dkt. #69), Second Supplement (Dkt. #70), and the arguments of counsel at the hearing conducted July 14, 2011. Kevin Christensen appeared on behalf of the Plaintiffs, and Zachariah Parry appeared on behalf of the Defendants. The court heard oral argument and took the matter under submission to issue a written order as the non-prevailing party is likely to file objections with the district judge.

**BACKGROUND**

This is an action filed by Plaintiffs "Union Trust Funds" against Defendants which alleges the Defendants are alto egos of the J.L. Wallco, Inc., d/b/a Wallternatives ("JLW"). Plaintiffs obtained a stipulation for entry of judgment and judgment by confession against JLW for trust fund fringe benefit contribution delinquencies through April 30, 2009. Amended Complaint (Dkt. #4 ¶5). The judgment was satisfied in full. *Id*. However, Plaintiffs believe that JLW was liable to the trust funds for delinquencies after April 30, 2009. *Id.* The amended complaint alleges that the moving Defendants are functioning as the alter egos and conduits of JLW, whose business operations have been operated under

common ownership, financial control, labor relations and an interrelationship of operations, such that they constitute a single business in fact. *Id*. ¶ 8. The amended complaint also named Great American Insurance Company as a Defendant. Great American issued a surety bond in the amount of $15,000.00 to Defendant Genuine Quality Coating. A Second Amended Complaint (Dkt. #53) added Shrader and Martinez Construction, Inc. ("Shrader"), Merchants Bonding Company ("Merchants"), and Western Surety Company ("Western") as Defendants.

On May 6, 2011, the Plaintiffs filed a Motion to Compel (Dkt. #45) seeking to compel an audit and discovery from Defendants Genuine Quality Coatings, Inc., ("GQC") and Sunrise Painting/RCH, Inc. ("Sunrise"), alleging that both were the alto egos of JLW. The motion to compel discovery and for an audit sought disclosure of a broad range of records and related information, including payroll records, tax returns, and other tax records, bank records and all documents or other information of any nature showing any and all transfers of assets or other transactions among the Defendants. The Defendants opposed the motion, and the court denied the motion to compel in its entirety finding the Plaintiffs discovery requests were overbroad, and that the Plaintiffs had not made a sufficient threshold showing that the Defendants were the alto egos of the Union signatory to compel an audit.

After the motion to compel was denied, the Plaintiffs served 15 subpoenas *duces tecum* on various entities including Wells Fargo and Bank of America to obtain: "Any and all documents relating to Sunrise Painting/RCH, Inc., J.L. Wallco, Inc., Wallternatives, Genuine Quality Coatings, Richard R. Nieto, Claudio Bammer, and/or Richard Nieto d/b/a/ Genuine Quality Coatings, including, but not limited to signature cards, checks, check registers, statements, account summaries, and loans/credit applications for the period July 11, 2006 through current." The moving Defendants seek to quash the subpoenas issued to Wells Fargo and Bank of America arguing the Plaintiffs seek information the court has already determined is not discoverable in this case. Movants point out that this is not the first time the Plaintiffs have had a motion denied by the court and attempted to circumvent the court's order by serving a subpoena *duces tecum*. On October 27, 2010, the Plaintiffs filed a Motion for an Order Requiring Disclosure of Quarterly Wage Reports for the Nevada Employment Security Division (Dkt. #17). The court entered an Order (Dkt. #28) denying the motion because it was not properly served. After the motion was denied, the Plaintiffs served a subpoena on the Nevada Employment Security

Division requesting the same information, but failed to serve it on the Defendants. Defense counsel made multiple requests for a copy of the subpoena served on the Nevada Employment Security Division orally and in writing. However, Defendants did not receive a copy of the subpoena until after the Nevada Employment Security Division had produced the documents requested without affording the Defendants an opportunity to move to quash.

The current motion is supported by the declaration of counsel, Zachary Parry, and attached exhibits which outline the efforts made to meet and confer in a good-faith effort to resolve this matter without court intervention. The Plaintiffs have refused to withdraw their subpoenas directed to the banks. Non-parties Wells Fargo and Bank of America have not objected to complying with the subpoenas served on them by the Plaintiffs.

The movants argue that the court has broad discretion and control of discovery in this case, and that the Federal Rules of Civil Procedure must be read in *pari materia, citing* 9A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2452 (2d ed. 1995). The court should quash the two subpoenas at issue in the motion because they call for clearly irrelevant matter. The financial information sought via the subpoenas is almost identical to the financial information the Plaintiffs sought in their motion to compel which the court denied. Therefore, the court should not permit the Plaintiffs to obtain the same discovery by a Rule 45 subpoena *duces tecum*. The financial information is not relevant unless and until the Plaintiffs show the Defendants were signatories to the collective bargaining agreement, or alter egos of a signatory to the collective bargaining agreement. The moving Defendants also seek an order awarding attorneys fees and costs for the necessity of bringing this motion pursuant to Fed.R.Civ.P. 37(a)(5)(A), and 37(b)(2).

Plaintiffs oppose the motion asserting the Defendants are the alter egos of each other and are individually and collectively obliged by the terms of the collective bargaining agreement between IUPAT District Council 15, Painters Union Local 159 and J.L. Wallco. Plaintiffs assert that their claims are based on evidence indicating common ownership, management, operations and labor relations between the Defendant entities. As such, all of the elements of an ERISA alter ego claim have been established, and Plaintiffs are entitled to an audit of the Defendants' books as well as the discovery sought via subpoena at issue in this motion.

Plaintiffs dispute that the court's prior order denying the motion to compel precludes them from obtaining the requested discovery through Rule 45 subpoenas, or that the subpoenas circumvent the court's prior order.  Rather, a review of the transcript of the hearing indicates the court found Plaintiffs' discovery requests were over broad, and that Plaintiffs had made an inadequate showing that the broad range of financial data requested in the Plaintiffs' written discovery requests should be sought from non-signatories on the record then before the court.  The court also found there was an inadequate meet and confer before the motion to compel was filed, and that defense counsel had provided Plaintiffs with discovery of materials potentially relevant to the alter ego issues.  Finally, the court denied the motion to compel the audit finding that the Plaintiffs had not established a *prima facie* case that the Defendants were the alter egos of J.L. Wallco, the signatory to the collective bargaining agreement at issue in this case.

Plaintiffs argue that they took the court's findings as guidance in conducting additional discovery to prove their alter ego claims, and prepared subpoenas to Wells Fargo Bank and Bank of America to obtain information directly relevant to their alter ego claims.  The subpoenas were hand delivered to counsel for Defendants and served on the banks the same day.  Counsel for Defendants sent an e-mail the following day, June 23, 2011, objecting to this discovery.  Counsel for Plaintiffs argue they immediately called Defendants and requested a meeting to comply with the meet and confer requirements of the Local Rules of Practice and Federal Rules of Civil Procedure.  However, the Defendants refused to meet and confer indicating a motion to quash would be filed.  The opposition is supported by the affidavit of Evan L. James, which is attached as Exhibit "1".

On the merits, Plaintiffs argue a party does not ordinarily have standing to challenge a subpoena issued to a non party unless the party claims some personal right or privilege in the information sought, citing 9A Charles Allen Wright and Arthur R. Miller, *Fed. Prac. & Proc.* § 2459 (2d ed. 1995). Relying on *U.S. v. Miller*, 425 U.S. 435, 442 (1976), Plaintiffs argue a party typically lacks standing to challenge a subpoena issued to his or her bank for financial records because bank records are the business records of the bank, in which a party has no personal right.  The moving Defendants have not made any showing that they have a personal right or privilege in the business records of the bank, and as such, lack standing to challenge the subpoenas issued to the banks.

Plaintiffs also argue that the court's prior order denying the motion to compel found only that the discovery sought in the motion was overbroad, and did not prohibit Plaintiffs from obtaining financial information appropriate to their alter ego claims through a narrowly tailored request. Rule 26(b)(1) permits a party to obtain discovery regarding non-privileged matters relevant to a party's claims or defense, and Plaintiffs need not make a greater showing to obtain the requested discovery. The court's prior order denying Plaintiffs' motion to compel clearly stated the court would not allow an audit of the Defendants until the Plaintiffs had proven that they are the alter egos of Defendant Wallco. To prove alter ego, Plaintiffs must be able to discover evidence relevant to those claims, *i.e.*, evidence that establishes: (1) common ownership; (2) common management; (3) interrelation of operations; and (4) centralized control of labor relations. *UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada AFL/CIO v. Nor-Cal Plumbing, Inc.,* 48 F.3d 1465, 1471 (9th Cir. 1994).

After the court denied the motion to compel, the Plaintiffs narrowed the discovery of information sought via subpoena *duces tecum* from the banks. Plaintiffs assert that the requested information is discoverable for alter ego purposes and will either prove or disprove an alter ego relationship among the moving Defendants and JLW. Specifically, signature cards will show who has financial control of the company, bank accounts and when this control existed. Checks will show the addresses of the entities and individuals using the accounts who had authority to sign checks, payees, including employee suppliers, commercial accounts, book keepers, etc., which will show an interrelation of operations and whether there was common management or ownership among the Defendants. The check registers, statement and account summaries will show ownership and control of the accounts; records of debits and credits in the account will demonstrate vendors, suppliers, employees and projects for the companies. This information tends to establish whether or not there is an interrelation of operations among the Defendant companies. It may also show co-mingling between the companies indicating common management and ownership. The loan and credit application information sought will indicate whether there were any guarantees and who issued them, and whether there were any loans between the companies or between individuals in the companies. The applications should also list assets, business locations and equipment used by the companies to establish credit, who

signed the loan applications, who incurred debts, and whether any of the debts were joint debts between the companies or the individuals, and whether individuals or companies co-signed or guaranteed other companies' or individuals' bank accounts. All of this information tends to establish the elements of common ownership, common management, and interrelationship of operations.

Plaintiffs argue that in denying the earlier motion to compel, the court faulted the Plaintiffs' efforts to meet and confer in compliance with LR 26-7(b) indicating that e-mail communication was insufficient to comply with a parties' personal consultation obligations. However, Defendants refused to engage in a personal consultation before filing the motion to quash, indicating their e-mail objection was sufficient.

Plaintiffs' counsel also object to Defendants' references to the prior subpoena served on the Nevada Employment Security Division as an *ad hominem* attack intended to prejudice counsel before the court. Plaintiffs reiterate that the Defendants lack standing to oppose the subpoenas, and ask that the motion to quash and request for attorneys fees be denied in its entirety.

The moving Defendants reply that the Plaintiffs' opposition employs a number of logical fallacies to avoid discussion of the real issue, that is, that the Plaintiffs are seeking the same information the court previously made clear was outside the scope of permissible discovery. The moving Defendants did not claim in their motion to quash that they had any privacy right in the bank records. Rather, they seek to have the subpoenas quashed because they seek "undiscoverable information". The moving Defendants argue they have standing to challenge the subpoenas on relevance, not privacy grounds. The moving Defendants also reiterate their arguments that the court's denial of the motion to compel has already decided that the financial information Plaintiffs seek is beyond the scope of permissible discovery in this case. Counsel for moving Defendants dispute that counsel refused to personally consult about the e-mail requesting withdrawal of the subpoenas. Moving Defendants point out that the LR 26-7 certification that is attached as Exhibit "D" to the motion to quash points out that counsel for the parties discussed the e-mail, and the reasons for seeking withdrawal of the subpoenas telephonically.

/ / /
/ / /

**DISCUSSION**

I. **Applicable Legal Standards**

   A. **Standing to Oppose the Subpoenas**

As a general rule, a party has no standing to seek to quash a subpoena issued to a non party to the action unless the party moving to quash claims some personal right or privilege in the documents sought. *Jacobs v. Connecticut Community Technical Colleges,* 258 FRD 192, 194 (D. Conn. 2009); *U.S. Bank Association v. James*, 264 FRD 17, 18-19 (D. Me (2010); *Johnson v. Gmeinder*, 191 FRD 638. 639 n.2 (D. Kan. 2000); *Thomas v. Marina Assocs.,* 202 FRD 433, 434 (E.D. Pa 2001); *United States v. Gordon*, 247 FRD 509 (E.D.N.C. 2007); *Warnke v. CVS Corporation*, 265 FRD 64, 66 (E.D.N.Y. 2010).

The United States Supreme Court has held that a bank customer has no reasonable expectation of privacy in bank records because they are the business records of the bank and that subpoenas seeking a party's bank records may not be quashed on this basis. *United States v. Miller*, 425 U.S. 435, 442 (1976). *See also United States v. Gordon*, "[t]ypically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right." 247 FRD at 510. However, some courts have held that a party's claim of privilege in bank account records is sufficient to confer standing for purposes of challenging a subpoena if the party offers more than "vague conclusions and speculations" about the existence of a threatened personal privilege. *Id*., citing a number of unpublished decisions.

   B. **Relevance of the Discovery Sought by the Subpoenas**

It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). *Hendricks v. Total Quality Logistics, LLC*, ___ FRD ___ 2011 WL 1791094 *2 (S.D. Ohio 2011); *Transcor, Inc. v. Furney Charters, Inc.,* 212 FRD 588, 591 (D. Kan. 2003); *Warnke v. CVS Corp.,* 265 FRD 64, 66 (E.D.N.Y. 2010); *In re: Refco Securities Litigation*, 759 F.Supp 2d 342, 345 (S.D.N.Y. 2011); *U.S. National Bank Association v. James*, 264 FRD 17, 18 (D. Me. 2010). The Federal Rules of Civil Procedure define relevance broadly. Fed.R.Civ.P. 26(b) was amended in 2000 and permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." The stated purpose of the amendment

1   was not only to narrow the scope of discovery, but also to address the rising costs and delay of
2   discovery. *See*, e.g. *Graham v. Casey's General Stores*, 206 FRD 251, 253 (S.D. Ind. 2002); Advisory
3   Committee Notes to 2000 Amendments to Federal Rule of Civil Procedure 26. However, even after the
4   2000 Amendments to the rule it is clear that liberal discovery remains the standard. *Id*. The party
5   seeking the discovery does not need to establish the information is admissible at trial; only that it is
6   reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

7   It is also well established that the party resisting discovery bears the burden of showing why a
8   discovery request should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).
9   Specifically, the party opposing discovery bears the burden of showing the discovery is overly broad
10  and duly burdensome, or not relevant. *Graham*, 206 FRD at 254. To meet this burden, the objecting
11  party must specifically detail the reasons why each request is irrelevant. *Id*., *citing Shaap v. Executive*
12  *Indus., Inc.,* 130 FRD 384, 387 (N.D. Ill. 1990). The party resisting discovery has the burden of
13  clarifying, explaining and supporting its objections. *Nestle Food Corp. v Aetna Cas. & Sur. Co.,* 135
14  FRD 101, 104 (D.N.J. 1990). "Boilerplate, generalized objections are inadequate and tantamount to not
15  making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.,* 186 FRD 584, 587
16  (C.D. Cal. 1999). The party filing a motion for protective order to prohibit or limit discovery, or filing
17  a motion to quash bears the burden of proof. *Achte-Neunte Boll Kino Beteiligungs GMBH & Co., v.*
18  *Does 1 though 4,* 577, 736 F.Supp 2d 212, 215 (D.C.D.C.) *Hendricks*, ___ FRD ___, 2001 WL *2.

19  Fed.R.Civ.P. 26(c) permits the court in which an action is pending to "make any order which
20  justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue
21  burden or expense, upon motion by a party or person from whom discovery is sought." To meet its
22  burden of persuasion, the movant seeking the protective order must show good cause by demonstrating
23  a particular need for the protection sought. *Beckman Indus., Inc. v. Int's Ins. Co.,* 966 F.2d 470, 476
24  (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific
25  examples or articulated reasoning." *Id*. Rule 26(c) confers broad discretion on the trial court to decide
26  when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v.*
27  *Rhinehart,* 467 U.S. 20, 36 (1984). In *Rhinehart*, the Supreme Court recognized that the "trial court is
28  in the best position to weigh fairly the competing needs and interests of the parties affected by

discovery. The unique character of the discovery process requires that the trial court has substantial latitude to fashion protective orders." *Id*.

Finally, in evaluating a request to limit or prohibit discovery, a court must weigh the burden or expense of the proposed discovery and its likely benefit taking into account "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(C)(iii).

Applying these principals, the court finds the moving Defendants have not met their burden of establishing the two subpoenas at issue should be quashed. In denying the earlier motion to compel, the court did not preclude the Plaintiffs from pursuing the discovery of financial information relevant to their alter ego claims. Rather, the court found that Plaintiffs had not complied with their meet and confer obligations before filing the motion to compel, and that Plaintiffs' discovery requests were over broad. The discovery requests at issue in the motion to compel sought a broad range of financial data including income tax returns, and other tax records.

The two subpoenas at issue in the motion to quash seek bank records between and among the moving Defendants, and/or between the moving Defendants and J.L.Wallco to prove or disprove Plaintiffs' claims that the Defendants are the alter egos of J.L.Wallco. The court finds the discovery sought is relevant and discoverable within the meaning of Rule 26(b)(1) as it will tend to prove or disprove common ownership, common management, interrelation of operations, and centralized control of labor relations among the moving Defendants and J.L. Wallco. However, the court finds the subpoenas are temporally overbroad in seeking financial information for the period from July 11, 2006, through the present. The Amended Complaint alleges that J.L. Wallco is liable to the trust funds for delinquencies after April 30, 2009, and seeks to find the moving Defendants liable for unpaid contributions after April 30, 2001, as the alter egos of J.L. Wallco. The court will therefore modify the subpoena and limit the time period for the bank records sought to the year prior to April 30, 2009, that is for the period between April 30, 2008, and the present. Additionally, the court will enter a protective order precluding the parties from using or disclosing the documents produced by Wells Fargo and Bank of America for any purpose unrelated to this litigation.

Having reviewed and considered the matter, and for the reasons stated,

**IT IS ORDERED** that:

1. Defendants' Motion to Quash (Dkt. #59) is **DENIED**.
2. Defendants' Motion for Attorney's Fees (Dkt. #61) is **DENIED**.
3. Although the court has denied the Motion to Quash, the court will modify the subpoenas issued to Wells Fargo and Bank of America to limit the time period for responsive documents for the period between April 30, 2008 and the present.
4. A protective order is entered precluding the parties from disclosing or using the documents produced responsive to the subpoenas *duces tecum* for any purpose unrelated to this litigation.
5. Plaintiffs shall serve a copy of this order on Wells Fargo and Bank of America who shall limit the production of the documents subpoenaed to the period between April 30, 2008, and the present.

Dated this 28th day of September, 2011.

Peggy A. Leen
United States Magistrate Judge