1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

| PAINTERS JOINT COMMITTEE, et al., | 2:10-CV-1385 JCM (PAL) |
| Plaintiffs, | |
| v. | |
| J.L. WALLCO, INC. Dba Wallternatives, et al., | |
| Defendants. | |

14
15

**ORDER**

16     Presently before the court is plaintiffs' motion for reconsideration of the Honorable Peggy

17   A. Leen's discovery order.  (Doc. #99).  Defendants have not filed an opposition.

18   **A.     Background**

19     This case stems from the alleged attempt of defendant Genuine Quality Coatings ("GQC")

20   to avoid union obligations.  GQC shares common owners with J.L. Wallco, Inc. d/b/a Wallternatives

21   ("JLW"), a union signatory.  Generally, plaintiffs allege that GQC is an alter ego of JLW, created

22   to help JLW avoid its union contract, by transferring business from JLW to GQC.

23     Plaintiffs initially filed a motion to compel, seeking a large amount of various financial

24   information that could possibly link GQC operations and finances with those of JLW, thereby

25   establishing plaintiffs' alter ego theory.  The motion to compel was denied.  Magistrate Judge Leen

26   cited the breadth of the document request as well as the failure to meet and confer as grounds for the

27   denial.

28

**James C. Mahan**
**U.S. District Judge**

Plaintiffs then served subpoenas duces tecum on two non-party banks. The subpoenas sought bank records. Though these records were a subset of the documents sought in the motion to compel, plaintiffs had tailored the request to only certain types of records that spoke directly to the alter ego theory. Defendants moved to quash the subpoenas.

On September 29, 2011, Magistrate Judge Leen entered an order denying defendants' motion to quash subpoenas duces tecum filed by plaintiffs. Magistrate Judge Leen found that the subpoenas were narrowly tailored and that plaintiffs had articulated a sufficient rationale and reason for the documents. Although she denied the motion to quash, Magistrate Judge Leen modified the subpoenas to limit the time period for responsive documents from the period April 30, 2008, to the present.

Plaintiffs raise three objections to Magistrate Judge Leen's order. First, they argue that the magistrate judge impermissibly expanded the scope of a previous order denying a motion to compel to include tax returns. Second, they posit that the temporal range of the subpoenas should not have been limited. Third, they point out that the order was improperly captioned.

We will treat each objection in turn.

**B.    Discussion**

The district judge reviews determinations made by the magistrate judge under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); LR 3-1. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Whereas the instant order involved discovery, the ruling must comply with Federal Rule of Civil Procedure 26, which limits discovery to issues "relevant to the claim or defense or any party" and not subject to privilege. FED. R. CIV. P. 26(b)(1).

a.    Relevancy of Tax Returns

The court finds plaintiffs' concerns regarding the magistrate judge's discussion of tax returns as unfounded. The magistrate judge never ruled that tax returns were irrelevant to alter ego liability, only that tax returns were included in a previous motion to compel that was denied on other grounds.

1   That motion, "sought disclosure of a broad range of records and related information, including

2   payroll records, tax returns, and other tax records, bank records and all documents or other

3   information of any nature showing any and all transfers of assets or other transactions among the

4   Defendants." Doc. 96, at 2:9-12. Magistrate Judge Leen denied the motion because it was over

5   broad. As explained by the magistrate judge:

6       In denying the earlier motion to compel, the court did not preclude the Plaintiffs from
        pursuing the discovery of financial information relevant to their alter ego claims.

7       Rather, the court found that Plaintiffs had not complied with their meet and confer
        obligations before filing the motion to compel, and that Plaintiffs' discovery requests

8       were over broad. The discovery requests at issue in the motion to compel sought a
        broad range of financial data including income tax returns, and other tax records.

9

10  *Id.*, 9:8-13. After the motion was denied, plaintiffs served subpoenas duces tecum on two non-party

11  banks, seeking to discover a subset of the information contained in the motion to compel. The

12  defendants moved to quash the motion.

13      In denying the motion to quash, however, Magistrate Judge Leen's never held that tax returns

14  are undiscoverable. Rather, the order clarified that the previous motion to compel, which included

15  tax returns as one of several different types of financial documents, was denied because the plaintiffs

16  had not met and conferred and because the motion was over broad. The order specifically stated that

17  the court did not previously deny the motion to compel on relevancy grounds. *Id.* at 9:8-9.

18  Accordingly, the motion to quash does not bar plaintiffs "from seeking financial information relevant

19  to their alter ego claims," even if such information is tax returns.

20      Indeed, the order stated that the previous motion to compel included "bank records," but

21  Magistrate Judge Leen still allowed subpoenas duces tecum regarding the bank records. During the

22  hearing on the motion, Magistrate Judge Leen explained that the instant request was substantially

23  narrowed from the requests made in the motion to compel and plaintiffs provided an articulated

24  reason and rationale why these records are relevant to the four-factor alter ego test. Plaintiffs have

25  provided no reason why a similar approach would not lead to discovery of tax records in the future,

26  should Magistrate Judge Leen find the request narrowly enough tailored and sufficiently reasoned.

27  As such, this court finds that the plaintiffs' current objection regarding the discoverability of tax

28

**James C. Mahan**
**U.S. District Judge**                                          - 3 -

records is unfounded.

     b.    <u>Temporal Limitation</u>

Magistrate Judge Leen's modification of the subpoenas to limit the discoverable bank records to the period from April 30, 2008, through the present was based on paragraph 5 of the amended complaint, which reads: "Plaintiffs obtained a Stipulation of Entry of Judgment and Judgment by Confession against JLW . . . pursuant to an audit through the period of April 30, 2009.  Said Judgment amount has been satisfied in full."  Second Amended Compl. ¶ 2.

Accordingly, plaintiffs no longer seek unpaid labor contributions from JLW from prior to April 30, 2009.  Plaintiffs argue, however, that they are still seeking recovery from the alleged alter egos from before April 30, 2009.  In reviewing the arguments and comments made during the argument on this issue, this court agrees with Magistrate Judge Leen's assessment that the subpoenas are temporally over broad.  Though plaintiffs still seek to hold the alleged alter egos liable, the subpoenas request documentation dating back to 2006, before the alleged alter ego corporation was even created in 2008.

Plaintiffs' motion to reconsider does not explain the need for documents from before GQC was even created, thus plaintiffs' have failed to explain to this court why it should overturn Magistrate Judge Leen's decision.  Accordingly, this court cannot find that the magistrate judge's ruling was clearly erroneous or contrary to law.

     c.    <u>Improper Captions</u>

Employee Painters Trust Health & Welfare Fund is a plaintiff in this action.  Accordingly, all documents captioned with Employee Painters Trust Health & Welfare as a defendant should be recaptioned.  These include document numbers 95, 96, 97, and 98.

Accordingly,

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for

2  reconsideration of Magistrate Judge Leen's order denying the motion to quash the subpoenas is

3  GRANTED in part and DENIED in part, consistent with the foregoing.

4       DATED November 21, 2011.

5

6                        _____

7                 **UNITED STATES DISTRICT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -