**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAINTERS JOINT COMMITTEE, et al.,                )
                                                  )
                    Plaintiffs,        )   Case No. 2:10-cv-01385-JCM-PAL
                                                  )
vs.                                               )   **ORDER**
                                                  )
GENUINE QUALITY COATINGS, INC., et al.,           )   (Motion to Compel - Dkt. #163)
                                                  )
                    Defendants.      )
_____)

       The court conducted a hearing on February 28, 2012, on Plaintiffs' Motion to Compel the Document Production of Richard Nieto, Jr. d/b/a Genuine Quality Coatings and for a Finding of Negative Inference if the Documents are not Produced (Dkt. #163). Evan James appeared on behalf of the Plaintiffs. David Blake appeared on behalf of some of the Defendants. The court has reviewed the Motion, Defendants' Response (Dkt. #185), Plaintiffs Reply (Dkt. 199), and heard the arguments of counsel at the hearing.

       The motion seeks to compel Defendant Richard Nieto, Jr., d/b/a/ Genuine Quality Coatings ("GQC") to immediately produce all documents responsive to Plaintiffs' Second Request for Production of Documents. Alternatively, Plaintiffs seek a finding of fact "that the requested documents contain information adverse to GQC's positions and supportive of Plaintiffs' causes of action claiming GQC as an alter-ego of J.L. Wallco, Inc., d/b/a Wallternatives ("Wallternatives") and liable to the Plaintiffs' for unpaid labor contributions."

       After the district judge affirmed the undersigned's order resolving one of many of the parties' discovery disputes, the Plaintiffs served Defendants with a Second Request for Production of Documents on November 1, 2011. Responses were due December 1, 2011. However, Plaintiffs waited until Judge Mahan's decision affirmed the undersigned's order that was expected to address the tax

document issue involved in these requests, and allowing the Defendants additional time to respond to the request for production of documents until after Judge Mahan's ruling.  His order was entered November 21, 2011.  When Defendants had not responded to the request for production, counsel for Plaintiffs sent a letter to counsel for Defendants December 29, 2011, requesting a meet-and-confer conference to discuss the failure to produce the tax documents requested.   Counsel met and conferred January 3, 2012.  Counsel for the Defendants indicated he would continue to seek the tax records from his client and was granted an extension until January 11, 2012.

On January 24, 2012, counsel for the Defendants, Mr. Parry, filed a Motion to Withdraw as Attorney for Mr. Nieto Jr d/b/a GQC citing the client's failure to cooperate and communicate with him.  The court granted Mr. Parry's request to withdraw as counsel for Richard Nieto, Jr., d/b/a GQC.  However, he remains counsel of record for a number of other Defendants.

On January 18, 2012, counsel for Defendants served a response to the request for production of documents Nos. 1-9.  The response provided was the same for all of these requests that "All attempts by the undersigned to contact Richard Nieto, Jr., d/b/a GQC have been ignored, making it impossible to acquire said documents, if they exist."

Defendants Bammer, Merchants Bonding Company, Richard Nieto, Shrader,  Martinez Construction, Inc., and Sunrise Painting/RCH, Inc. filed a Partial Opposition to the Motion to Compel (Dkt. #185).  The opposition does not dispute that Nieto, Jr. and GQC provided the responses at issue.  Rather, the responding Defendants argue they are in the unfortunate position of being directly affected by Nieto Jr./GQC's actions and inactions.  Plaintiffs seek to find the Defendants liable as the alter-ego of a signatory to a union collective bargaining agreement.  The responding Defendants argue that the Plaintiffs have not met the applicable Ninth Circuit test to allow the court to make an adverse inference from Nieto, Jr., d/b/a/ GQC's failure to respond to discovery requests, and that there is no legal basis for an adverse inference against the responding Defendants.

Plaintiffs' reply clarifies that the motion was directed to Nieto, Jr., d/b/a GQC, and that Plaintiffs were not seeking an adverse inference against any other parties.

Having reviewed and considered the moving and responsive papers, the court will grant the Plaintiffs' Motion to Compel Richard Nieto, Jr., d/b/a Genuine Quality Coatings to respond to

Plaintiffs' second request for production of documents within 14 days. The court will deny, however, the request for an adverse inference sanction as inappropriate under the factual and legal posture of this case. During oral argument, counsel for Plaintiffs acknowledged that an adverse inference instruction of alter-ego liability was not appropriate. The court will give Nieto Jr d/b/a GQC 14 days in which to serve full and complete responses to the plaintiffs second request for production of documents, without objections. Failure to timely comply with this order will result in the imposition of sanctions up to and including potentially case-dispositive sanctions against Richard Nieto, Jr., d/b/a Genuine Quality Coatings.

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Compel the Document Production of Richard Nieto, Jr. (Dkt. #163) is **GRANTED**.

2. Defendant Richard Nieto, Jr., d/b/a Genuine Quality Coatings shall have until March 19, 2012, to serve full and complete responses, without objections, to Plaintiffs' second request for production of documents. Failure to timely comply with this order will result in the imposition of sanctions up to and including a recommendation to the district judge of case dispositive sanctions.

3. The clerk of the court shall serve Richard Nieto, Jr., d/b/a Genuine Quality Coatings with a copy of this order at the last known address provided by his counsel in the motion to withdraw:

   Richard Rejan Nieto
   Genuine Quality Coatings
   452 E. Silverado Ranch Blvd., #457
   Las Vegas, NV 89193

Dated this 29th day of February, 2012.

_____
Peggy A. Leen
United States Magistrate Judge