UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAINTERS JOINT COMMITTEE, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>J.L. WALLCO, INC. Dba Wallternatives, et al.,<br><br>            Defendants. | 2:10-CV-1385 JCM (PAL) |

**ORDER**

Presently before the court is plaintiffs' motion to bifurcate trial. (Doc. #201). Defendant Complete Association Management Company ("CAMCO") has filed an opposition (doc. #232), to which plaintiffs have replied (doc. #238).

**I.     Facts**

For present purposes, the court need not describe the complex procedural and factual history of this case. A sufficient foundation for the analysis of the instant motion is laid by describing the parties and different claims alleged against the defendants.

Plaintiffs have filed suit against over 100 different entities alleging, among other things, violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002 *et seq*. The defendants can be classified into two categories. First, are the seven alter-ego defendants against whom the plaintiffs have alleged alter-ego claims under ERISA. The alter-ego defendants are the original defendants to this suit. Discovery as to them has been completed and motions for

**James C. Mahan**
**U.S. District Judge**

1  summary judgment are currently pending.

2  Each of the remaining ninety or so defendants were added to this suit when plaintiffs filed their third amended complaint on November 21, 2011. *See* Doc. #106. These defendants all fall into the second group of originating contractor defendants.[1] Plaintiffs assert claims of general contractor liability, pursuant to NRS § 608.150, against each of the originating contractor defendants. Discovery against these defendants has not yet commenced and there is no scheduling order in place, but two of the originating contractor defendants have filed motions to dismiss (docs. #186 and 193).[2]

Plaintiffs seek to bifurcate the threshold alter-ego liability from originating contractor liability. Plaintiffs argue that because the liability of the originating contractor defendants is contingent upon this court first finding in plaintiffs' favor on the alter-ego issue, bifurcating the issues and staying the proceedings with regards to the originating contractor defendants serves judicial economy. CAMCO, one of those contractor defendants, has filed a limited opposition, agreeing that the case should be bifurcated and discovery stayed, but arguing that its motion to dismiss should be heard.

**II.    Discussion**

The sole contention between plaintiffs and CAMCO is whether this court should decide the CAMCO's motion to dismiss on the merits or stay a decision on the motion pending the resolution

---

[1] The court notes that plaintiffs have stated that the reason for adding so many additional defendants was that "there were so many potential defendants and given that the Plaintiffs were acting under Court-ordered deadlines, the Plaintiffs lacked the time to investigate each and every piece of evidence obtained from the Primary Defendants supporting the addition of a new defendant." Opp. at 6:1-4. As CAMCO has properly pointed out, such a course of action may have violated Fed. R. Civ. P. 11 which requires that all factual representations in pleadings "have evidentiary support or, if specifically so identified, will likely have evidentiary support afer a reasonable opportunity for further investigation or discovery." While the issue has not been fully briefed by the parties, the court is concerned that plaintiffs may have filed a lawsuit against nearly 100 different entities in a scattershot approach to pleading, without a sufficient evidentiary basis for hauling these defendants into court.

[2] These motions were filed by CAMCO (joined by Excellence Community Management, LLC) and Great American Capital. As the motions raise similar issues, and because CAMCO is the only party opposing the present motion to stay, for ease of reference, the court will only refer to CAMCO's motion to dismiss in its analysis below.

James C. Mahan
U.S. District Judge

- 2 -

of the alter-ego claims. Plaintiffs argue that this court should stay its decision because no discovery has taken place and it needs to propound discovery to rebut CAMCO's argument that it does not qualify as an originating contractor. CAMCO, however, contends that the motion raises a purely legal issue and thus no discovery is required. CAMCO contends that because it is not a proper defendant, it is appropriate for the court to enter an order dismissing it from this lawsuit.

*1.     Legal Standard*

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis v. North American Co., 299 U.S. 248, 254-255 (1936)). In contemplating the exercise this inherent power, the court must balance the competing interests at issue. These competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

*2.     Analysis*

After considering the factors cited by the Ninth Circuit in *CMAX*, and reviewing CAMCO's motion to dismiss or for summary judgment, the court finds that a stay is appropriate. CAMCO's motion, and the opposition thereto, make abundantly clear that whether CAMCO is or is not an originating defendant revolves around several disputed issues of material fact that cannot be decided until the parties exchange discovery.

Nevada law defines an originating contractor as:

> 2.     A contractor is any person, except a registered architect or a licensed professional engineer, acting solely in a professional capacity, who in any capacity other than as the employee of another with wages as the sole compensation, undertakes to, offers to undertake to, purports to have the capacity to undertake to, or submits a bit to, or does himself or herself or by or through others, construct, alter, repair, add to, subtract from, improve,

James C. Mahan
U.S. District Judge

- 3 -

>move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structures or works in connection therewith. Evidence of the securing of any permit from a government agency or the employment of any person on a construction project must be accepted by the Board or any court of this State as prima facie evidence that the person securing that permit or employing any person on a construction project is acting in the capacity of a contractor pursuant to the provisions of this chapter.
>
>. . .
>
>4.  A contractor includes a construction manager who performs management and counseling services on a construction project for a professional fee.

NRS § 624.020. Determining whether CAMCO falls within the purview of this definition is not purely a legal exercise. Rather, factual questions are raised, including, but not necessarily limited to, whether CAMCO, through other companies, undertook to "alter, repair, add to, subtract form, [or] improve" buildings or structures. While CAMCO may likely prevail in its arguments that it is not an originating defendant, without any discovery shedding light on the relevant factual questions, the court cannot grant CAMCO judgment as a matter of law.

While the parties offer much argument regarding whether or not CAMCO is an originating contractor, this court finds that the issue is not ripe for decision. Discovery into the issue has not yet commenced, and thus this court is not (even absent a stay) prepared to grant CAMCO summary judgment on the issue of its status as an originating contractor. Furthermore, CAMCO's argument in support of dismissal (e.g. that "while this Court may have pendent jurisdiction over Plaintiffs' cause of action, it does not have subject matter jurisdiction over CAMCO," *see* Reply ISO Mot. Dismiss 6:12-13) misunderstands and misapplies the law of jurisdiction and is without merit. Subject matter jurisdiction pertains to the "cause of action" and personal jurisdiction pertains to the individual defendant. Whereas CAMCO concedes that this court has pendent jurisdiction over the NRS § 608.150 claims, it follows that this court has subject matter jurisdiction.

In light of the fact that the parties agree that the proceedings should be bifurcated and that discovery as to the originating defendants to be stayed, the court will so order. Within thirty days of the court disposing of the claims against the alter-ego defendants, or making such other rulings

James C. Mahan
U.S. District Judge

- 4 -

as may allow for the case against the originating contractors to proceed, plaintiffs and/or defendants shall file a motion to reopen the proceedings against the contracting defendants. Further, as explained above, because discovery is necessary for the court to properly analyze whether or not certain of the defendants are originating contractors, the court will deny without prejudice the dispostive motions filed by the purported originating contractors regarding this issue. Once the stay is lifted and discovery proceeds, CAMCO and its co-defendants are free to file any such motions they feel are necessary.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to bifurcate (doc. #201) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that the case against defendants J.L. Wallco, Inc., Genuine Quality Coatings, Inc., Sunrise Painting, Inc., Richard Rejan Nieto, Claudia Bammer, Richard Raoul Nieto, and Great American Insurance Company proceed. The proceedings as to the remaining defendants, however, shall be stayed until further notice, as explained above.

IT IS FURTHER ORDERED that the motions to dismiss, or in the alternative, for summary judgment filed by CAMCO and Great American Capital (docs. #186 and #193) and plaintiffs' counter-motion for summary judgment, or in the alternative, to amend (docs. #223 and #226) be, and the same hereby are, DENIED without prejudice.

DATED May 22, 2012.

_____
**UNITED STATES DISTRICT JUDGE**