UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAINTERS JOINT COMMITTEE, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>J.L. WALLCO, INC. Dba Wallternatives, et al.,<br><br>                    Defendants. | 2:10-CV-1385 JCM (PAL) |

### ORDER

Presently before the court is plaintiff's motion for default judgment against certain defendants. (Doc. # 257). No one has filed an opposition.

**I.      Background**

This case has dozens of defendants, a long procedural history, and a disjointed docket that need not be addressed in the disposition of this motion. The court need only address a very narrow set of events to resolve the motion for default judgment.

The attorney of record for some defendants, Genuine Quality Coatings, Inc. ("GQC Inc."), Shrader & Martinez Construction, Inc. ("SMC"), Merchants Bonding Company ("Merchants"), Great American Insurance Company ("GAIC"), and Richard Rejan Nieto (Nieto Jr."), withdrew from representation because those defendants failed to pay legal costs and fees for services rendered in the litigation. (Doc. # 171). In response, magistrate judge Leen ordered each of the above mentioned defendants to retain new counsel by a deadline date. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

Merchants, SMC, and GAIC all complied with the court order and retained counsel before the deadline date. (*See* docs. ## 177 & 179). Defendants GQC Inc. and Nieto Jr. never complied, and plaintiffs filed this motion for default judgment. (Doc. # 257). The deadline to find new counsel is now several months gone and the court, on its own, can discern no good cause or excusable neglect for the failure to obey the order.

## II.    Legal Standard

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961).[1] "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981); *Industrial Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970)). The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Id.* (internal citations omitted). "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915 916 (9th Cir. 1987).

---

[1] This court will analyze the motion for default judgment pursuant to the five factor test in *Thompson* as opposed to the seven factor test in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Thompson*, generally, controls when default or dismissal is sought because of a failure of a party to comply with a court order. The *Eitel* factors are appropriate when a party properly moves under Fed. R. Civ. P. 55 for a default judgment against a party who has failed to plead or otherwise defend. The relevant defendants in this motion did appear and litigate their claims for approximately a year and a half before their counsel withdrew.

Further, "entry of default for failure to plead or otherwise defend is not limited to situations involving a failure to answer a complaint, but applies to any of the pleadings listed in Rule 7(a)." Allen & Wright, Federal Practice and Procedure (3d ed.) § 2682. "The words 'otherwise defend' refer to the interposition of various challenges to such matters as service venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading." *Id.* "It must be remembered that Rule 55(a) does not represent the only source of authority in the rules for the entry of a default that may lead to judgment." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    However, because dismissal is such a severe remedy, its imposition is allowed only after this
2    court weights several factors:

3    "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
4    disposition of cases on their merits; and, (5) the availability of less drastic sanctions."

5    *Id.* (citing *Henderson*, 779 F.2d at 1423-24).

6    Finally, pertinent to this case, "a corporation may appear in federal court only through
7    licensed counsel." *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th
8    Cir. 1993) (citing *Rowland v. California Men's Colony*, 113 S.Ct. 716, 721 (1993)). "The general
9    rule of law is that upon default the factual allegations of the complaint, except those relating to the
10   amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917-18 (9th Cir. 1987) (internal
11   quotations and citations omitted).

12   **III.    Discussion**

13   Plaintiffs seek default judgment against two parties - GQC Inc. and Nieto Jr.  Plaintiffs cite
14   as the basis for default judgment GQC Inc.'s and Nieto Jr.'s  failure to comply with a court order,
15   and their failure to answer or otherwise respond to the third amended complaint.  However,
16   plaintiffs' motion addresses neither the *Thompson* or *Eitel* factors. *See* footnote 1 *supra*.  Further,
17   plaintiffs have not properly complied with the two-step process of seeking a default judgment under
18   Fed. R. Civ. P. 55.[2]

19   At this stage, the court will address the portion of plaintiffs' motion that seeks a default
20   judgment because defendants failed to comply with a court order.  Magistrate judge Leen ordered
21   defendants GQC Inc. and Nieto Jr. to retain counsel by a deadline date.  Neito Jr. was also given the
22   option to appear *pro se*.  Neither defendant has retained counsel. Magistrate judge Leen warned both

---

24   [2] "Obtaining a default judgment entails two steps.  First, the party seeking a default judgment
25   must file a motion for entry of default *with the clerk of a district court* by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the
26   clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *UMG Recordings, Inc. v. Steward*, 461 F.Supp.2d 837, 840 (S.D. Ill. 2006)
27   (internal citations omitted) (emphasis added); *see Eitel*, 782 F.2d at 1471 (noting the "two-step
28   process required by Rule 55.").

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  GQC Inc. and Nieto Jr. that "[f]ailure to comply with this order may result in a recommendation to
2  the District Judge for sanctions, including case-dispositive sanctions." (Doc. # 171).

   *A. The Public's Interest in Expeditious Resolution of Litigation*

4  This factor weighs heavily in favor of plaintiffs. This case is already over two years old. The
5  court most recently denied motions for summary judgments, and the parties' most recent action was
6  the stipulation to an extension of time to file a pretrial order. The ultimate resolution of this case has
7  a long way to go yet. This case must proceed on and the failure of defendants GQC Inc. and Nieto
8  Jr. to retain counsel in flagrant violation of a court order cannot slow down the process.

   *B. The Court's Need to Manage its Docket*

10  This court's docket, probably like the majority of district court dockets across the country,
11  is significant. The dismissal of these two defendants will aid the court in the management of both
12  its docket and this particular case. This particular case presently has, though the number is in a
13  continual state of flux, about 60 defendants. This case has been and likely will continue to account
14  for a substantial portion of this court's docket. The dismissal, or entry of default, against two
15  defendants that refuse to comply with court orders will alleviate the court's docket. This factor
16  weighs heavily in favor of plaintiffs' request for default judgment.

   *C. The Risk of Prejudice to the Defendants*

18  Some level of risk of prejudice to the defendants obviously exists. However, this prejudice
19  is defendants' making. Defendants apparently refuse to litigate the claims against them or pay an
20  attorney to litigate them on their behalf. Some level of prejudice necessarily must follow. However,
21  defendants may not complain of unfair prejudice when their actions caused the prejudice in the first
22  instance.

23  The real risk of prejudice may actually lie with plaintiffs. Defendants' refusal to comply with
24  court orders precludes plaintiffs from adjudicating their claims on the merits. Defendants cannot
25  be allowed to prevent plaintiffs from proceeding with their claims by simply not appearing and not
26  litigating. This factor is neutral.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

*D. The Public Policy Favoring Disposition of Cases on Their Merits*

This factor obviously weighs in favor of defendants. There will be no disposition of the claims against these defendants on the merits if these defendants never retain counsel to defend them. This factor is especially troubling because these two particular defendants have survived summary judgment.[3] This factor favors defendants.

*E. The Availability of Less Drastic Sanctions*

"[T]he court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the 'consideration of alternatives requirement." *Hingano v. Channing & Assocs., LLC*, No. F09-1881, 2010 WL 55891, at *2 (E.D. Cal. Jan. 4, 2010); *see Cooper v. Marylind Foundation*, 25 Fed. Appx. 596, 597 (9th Cir. 2001) (upholding the district court's dismissal under the *Thompson* factors after "the district court expressly and unambiguously warned Cooper of imminent dismissal if, thereafter, he failed to comply with any court orders.").

GQC, Inc. and Nieto Jr. have been so warned, and no alternatives exist other than default. Under these facts, the court can do no more than order GQC Inc. and Nieto Jr. to retain counsel. They are in violation of a court order that: (1) GQC Inc. retain counsel because a corporation must have counsel; and, (2) Neito Jr. either retain counsel or make a *pro se* appearance. Neither has complied and they have therefore defaulted.

---

[3] The court recognizes that the counsel that filed the response to plaintiffs' motion for summary judgment argued on behalf of GQC Inc. and Nieto Jr. (*See* doc. # 247). This summary judgment response occurred after magistrate judge Leen's order. (*Compare* doc. # 247 *with* doc. # 171). The heading of the summary judgment response states that counsel is attorneys for both GQC Inc. and Nieto Jr., in addition to numerous other defendants. (*Id.*). The various alter ego claims plaintiffs allege against GQC Inc. and Nieto Jr. intertwine and are related to the alter ego claims plaintiffs alleged against the numerous other defendants actually represented by the counsel that filed the response to the summary judgment motion.

This counsel is from the same firm that previously withdrew from representation of GQC Inc. and Nieto Jr. because they would not pay their legal fees (doc. # 162), which resulted in magistrate judge Leen's order (doc. # 171). Finally, after magistrate judge Leen's order, this same firm filed a notice of appearance for Merchants and SMC, but not GQC Inc. or Nieto Jr. No counsel has filed a response to this motion for default judgment on behalf of GQC Inc. and Nieto Jr.

Based on the facts the court finds: (1) that no attorney has made an appearance on behalf of GQC Inc. or Nieto Jr., thereby complying with magistrate judge Leen's order; and, (2) no attorney has opposed plaintiffs' motions for default judgment against GQC Inc and Nieto Jr.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for

3  default judgment (doc. # 257) be, the same hereby is GRANTED consistent with the foregoing.

4  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the clerk of the court

5  shall enter default against defendants Genuine Quality Coatings, Inc and Richard Rejan Nieto.

6  DATED November 1, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**