UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAINTERS JOINT COMMITTEE, et al.,

         Plaintiffs,

v.

J.L. WALLCO, INC. Dba Wallternatives, et al.,

         Defendants.

2:10-CV-1385 JCM (PAL)

**ORDER**

Presently before the court is defendants', Merchant Bonding Company ("MBC") and Shrader and Martinez Construction ("SMC"), motion to lift stay. (Doc. # 303). Plaintiffs filed a joinder to the motion, which is essentially a non-opposition. (Doc. # 309).

Also before the court is defendants' MBC and SMC motion to unbifurcate the trial. (Doc. # 304). Plaintiffs filed a response in opposition (doc. # 310), and the defendants filed a reply (doc. # 314).

**I.  Background**

This case has a long and complex procedural and complex history. Plaintiffs have filed suit against over 100 different entities alleging, among other things, violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002 *et seq*. The defendants can be classified into two categories. First, are the seven alter-ego defendants against whom the plaintiffs have alleged alter-ego claims under ERISA. The alter-ego defendants are the original defendants

**James C. Mahan**
**U.S. District Judge**

1   to this suit and were subcontractors to the second group of defendants (the originating contractor
2   defendants).

3   Each of the additional ninety (approximately) defendants were added to this suit when
4   plaintiffs filed their third amended complaint. These defendants all fall into the second group of
5   originating contractor defendants. Plaintiffs assert claims of general contractor liability pursuant to
6   NRS 608.150, which essentially makes an original contractor liable for the indebtedness for labor
7   of subcontractors. Since filing the lawsuit against the additional ninety or so original contracting
8   defendants, plaintiffs have been voluntarily dismissing original contracting defendants as more
9   information becomes available.

10   In a prior order, this court stayed the action against the original contracting defendants and
11   bifurcated the trial. (Doc. # 249). The court bifurcated the proceedings so that the plaintiffs would
12   proceed against the seven alter-ego defendants; then, depending on that outcome, the lawsuit would
13   proceed between the plaintiffs and the original contracting defendants.

14   MBC and SMC, two of the remaining original contracting defendants now move the court
15   to unbifurcate the trial and lift the stay. For the reasons stated *infra*, the court agrees.

16   **II.   Legal Standard**

17   A court may modify a pretrial order to prevent manifest injustice. Fed. R. Civ. P. 16(e); *See*
18   *Jordan v. Clark*, 847 F.2d 1368, 1376-77 n. 9 (9th Cir. 1988) ("The decision whether to amend the
19   pre-trial order is within the discretion of the trial judge."). "A district court has inherent power to
20   control the disposition of the causes on its docket in a manner which will promote economy of time
21   and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
22   1962).

23   **III.   Discussion**

24   As an initial matter, both parties agree that the stay against the remaining original contracting
25   defendants should be lifted. Therefore, the court finds good cause to lift the stay.

26   The issue of whether to unbifurcate the trial is more nuanced, but the answer is just as simple.
27   In order for the original contracting defendants to be liable to plaintiffs, plaintiffs must first prove
28

**James C. Mahan**
**U.S. District Judge**                                            - 2 -

1  liability in their claims against the alter-ego defendants. These alter-ego defendants were
2  subcontractors. At the time the original contracting defendants agreed to stay the action against them
3  and to bifurcate the proceedings, the seven alter-ego defendants were represented by counsel.

4  However, much has changed in the year since the court stayed and bifurcated the action as
5  to the original contracting defendants. The seven alter-ego defendants are no longer represented by
6  counsel because they did not pay their legal fees. (*See* doc. # 297). This court has granted default
7  against some of the alter-ego defendants for, among other things, not defending themselves in the
8  action and for ignoring court orders. (*See* doc. # 263). Some of the alter-ego defendants remain
9  without counsel.

10  The original contracting defendants seek to unbifurcate the trial because the original
11  contracting defendants want to contest the alter ego liability of the subcontractors. This is important
12  because in order for the plaintiffs to be able to recover against the original contracting defendants
13  pursuant to NRS 608.150, which makes original contractors liable for the indebtedness of their
14  subcontractors in certain situations, the plaintiffs must first prove their alter-ego claims against the
15  alter-ego defendants.

16  The original contracting defendants argue that plaintiffs should not be able to take advantage
17  of the remaining *pro se* alter-ego defendants in a trial. The original contracting defendants argue that
18  they should be able to contest alter-ego in the first instance since the alter-ego defendants are no
19  longer represented.

20  The court agrees. Liability should attach to any defendant following resolution on the merits.
21  Liability attaching to the original contracting defendants, based in large part by liability attaching to
22  the *pro se* remaining alter-ego defendants because they do not know how to properly defend
23  themselves, would not truly be on the merits. The court finds good cause to unbifurcate the trial.
24  Accordingly,
25  IT IS HEREBY ORDERED, ADJUDGED, DECREED that defendants' motion to lift stay
26  (doc. # 303) be, and the same hereby, is GRANTED.
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that defendants' motion to unbifurcate the trial (doc. # 304) be, and the same hereby, is GRANTED.

DATED June 26, 2013.

_____
UNITED STATES DISTRICT JUDGE