# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAINTERS JOINT COMMITTEE, *et al.*, | Case No. 2:10-cv-01385-JCM-PAL |
| Plaintiffs, | **ORDER** |
| vs. | |
| J.L. WALLCO, et al., | |
| Defendants. | |

This matter is before the court on Defendants Sunrise Painting/RCH, Inc's, Claudia Bammer's, and Richard Raoul Nieto's (together, the "Nieto Defendants") Response (Dkt. #285) to the court's Order to Show Cause (Dkt. #281). Plaintiffs have also filed a Motion to Permit Response and Response (Dkt. #287) to the Nieto Defendants' Response, which the Clerk of Court docketed as a Reply. The court has considered the Nieto Defendants' Response, and Plaintiff's Motion and Response.

## BACKGROUND

On December 12, 2012, the district judge entered an Order (Dkt. #268) referring this case to the undersigned to conduct a settlement conference for those parties set for jury trial on March 25, 2013. On December 18, 2012, the undersigned entered an Order (Dkt. #270) scheduling a settlement conference for February 13, 2013, at 1:30 p.m., in chambers. The Order required all counsel of record who would be participating in the trial and who have full authority to settle this case, as well as all individual parties, to be present at the settlement conference. The Order also provided that any request for an exception to the settlement conference attendance requirement be filed and served at least one week prior to the settlement conference, and all individual parties "shall appear in person unless the court enters an order granting a request for exception."

1    On February 13, 2013, none of the Nieto Defendants appeared at the settlement conference. None had requested an exception to the personal attendance requirement imposed by the court's Order setting the settlement conference. Their counsel, David Blake, appeared and represented that the Nieto Defendants were not present because they "had a job to do." Counsel was not aware until the morning of the settlement conference that his clients would not be present.

On February 15, 2013, the court directed the Nieto Defendants to show cause, in writing, why sanctions should not be imposed for their failure to comply with the court's Order. The Nieto Defendants filed a timely Response, asserting that due to an "unintentional miscommunication" between them and their attorneys, they were not aware the settlement conference was scheduled for February 13, 2013. When counsel spoke with the Nieto Defendants on February 13, 2013, at 9:00 a.m., they were already working on a job at the Primm Valley Casino in Primm, Nevada, and "were unable to return and attend the settlement conference in time." Counsel asserts this appears to have been an honest mistake on his clients' part. Additionally, the Nieto Defendants assert they participated in the conference telephonically, and it is unlikely their presence would have materially altered the result of the conference. The Nieto Defendants also argue that Plaintiffs have engaged in conduct that violates or is a "borderline violation" of court rules, and sanctioning them for an honest mistake "makes little sense" in light of Plaintiffs' conduct.

Plaintiff seek leave to respond to the Nieto Defendants' Response because their investigation shows the Nieto Defendants did not work at the Primm Valley Casino on February 13, 2013, and the Nieto Defendants have made allegations about Plaintiffs' conduct that are untrue. Plaintiffs' Response is supported by the Affidavit of Evan L. James, Plaintiff's counsel. It represents that Plaintiffs' counsel contacted Rita Sablan with Whiskey Pete's Engineering Department on February 28, 2013, to request verification that Richard Nieto and/or Claudia Bammer had performed work at the Primm Valley Resorts, which owns all three Primm properties, on February 13, 2013. According to Ms. Sablan and her lead painter, John Garcia, painting work was performed by Rudy's Painting on February 13, 2013, and only one person from Rudy's Painting–neither Richard Nieto nor Claudia Bammer–came to Primm Valley Resorts on that day. Plaintiffs also contend that the Nieto Defendants were contacted

///

at 9:00 a.m. on February 13, 2013. Primm is forty-three miles from Las Vegas, and there is no reason why neither Mr. Nieto nor Ms. Bammer could attend the settlement conference at 1:30 p.m.

**DISCUSSION**

District courts are specifically empowered to conduct settlement conferences under the Federal Rules of Civil Procedure and 28 U.S.C. § 473(b)(5). *See* Fed. R. Civ. P. 16(a)(4)-(5), Fed. R. Civ. P. 16(c)(7). In addition, Rule 16(f) of the Federal Rules provides that the court may issue "any just orders," including those authorized Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to appear at a scheduling or other pretrial conference, does not participate in good faith in the conference, or fails to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f)(1). In addition to or in lieu of these sanctions, the court must order the party, its attorney or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with Rule 16, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2).

The Advisory Committee Note to the 1983 Amendments to Rule 16 state that the purpose of adding subdivision (f) to the rule was to reflect the existing practice of courts to sanction parties for failing to comply with Rule 16 and "to obviate the dependence on Rule 41(b) or the court's inherent power" to compel respect for the court's pretrial orders. Advisory Committee's Note to 1983 Amendment to Fed. R. Civ. P. 16(f). The Note further provides that "explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management." *Id.*

Local Rule IA 4-1 also authorizes the court to impose sanctions, after notice and an opportunity to be heard, on a party or attorney who, without just cause fails to appear for a required pretrial conference, or fails to comply with any order of the court. *See* LR IA 4-1.

Courts in this circuit and others have found that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See, e.g., Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990); *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 768 (9th Cir. 2001). In *Ayers,* the Ninth Circuit affirmed the district court's imposition of sanctions upon an attorney who failed to attend a settlement conference because "the date 'slipped by him.'" *Ayers,* 895 F.2d at 1270. In *Lucas,* the Ninth Circuit affirmed the district court's imposition of sanctions on a party who missed a settlement conference

because he was suffering from "an incapacitating headache." *Lucas,* 275 F.3d at 769.

Imposition of sanctions under Rule 16(f) requires notice and an opportunity to be heard. *See Ayers,* 895 F.2d at 1270 (citing *Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir. 1986)). The Nieto Defendants received notice and an opportunity to be heard when the court issued the Order to Show Cause (Dkt. #281) and allowed them an opportunity to respond. *Id.*

The Nieto Defendants' Response to the order to show cause indicates they missed the settlement conference because of "an unintentional miscommunication" with their attorneys. Additionally, the Nieto Defendants try to excuse their failure to comply with the court's order requiring their personal appearance by arguing they "altered their position and continued to participate in good faith settlement negotiations after the Settlement Conference." Defense counsel does not describe how or when the Nieto Defendants received notice of the settlement conference or describe with any specificity at all what the "unintentional miscommunication" was. Defense counsel represents that when he spoke with his clients at 9:00 a.m., on February 13, 2013, they were "working a job" in Primm and could not return and attend the settlement conference in time. Primm is forty-three miles from the Lloyd D. George United States Courthouse, a forty-five to sixty minute drive. No explanation was given why Mr. Nieto and Ms. Bammer could not make it to the settlement conference at 1:30 p.m. The affidavit submitted by Plaintiffs' counsel's affidavit indicates Mr. Nieto and Ms. Bammer were not actually "working a job" in Primm on February 13, 2013, as they represented. However, even if they reported to a job earlier in the day, their lawyer contacted them at 9:00 a.m., allowing them more than sufficient time to appear as ordered.

The argument that the Nieto Defendants' presence would not have materially altered the outcome of the settlement conference is a specious excuse for failure to comply with the court's order. A settlement conference without all of the necessary parties present is not productive. *See, e.g., Pitman v. Brinker Internat'l, Inc.,* 216 F.R.D. 481, 486 (D. Ariz. 2003); *Lockhart v. Patel,* 115 F.R.D. 44, 46 (E.D. Ky. 1987). Meaningful and productive settlement conferences are vital to the judicial process and assist district courts in managing their heavy case load. *See Pitman,* 216 F.R.D. at 484.

Shortly after the response to the order to show cause was filed, counsel for the Nieto Defendants filed a Motion to Withdraw. (Dkt. #288). The affidavit supporting the Motion to Withdraw indicated

4

the Nieto Defendants refused to sign documents setting up an agreed upon payment arrangement and became nonresponsive to any attempts to contact them to discuss the matter.  The court is simply not persuaded the failure of the Nieto Defendants to appear as ordered was the result of an honest mistake or miscommunication with their former counsel.  Moreover, they had more than ample time to make it to the 1:30 p.m. settlement conference when they spoke with their counsel at 9:00 a.m.

Sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not in bad faith.  The court finds sanctions are warranted for the Nieto Defendants' failure to comply with the court's Order scheduling the settlement conference.  Additionally, because the Nieto Defendants have not shown their noncompliance with Rule 16 and the court's Order was substantially justified, the court will also award Plaintiffs reasonable fees and costs.

Accordingly,

**IT IS ORDERED:**

1. Monetary sanctions are imposed against the Nieto Defendants for Plaintiffs' reasonable attorney's fees to prepare for and attend the February 13, 2013, settlement conference.

2. Counsel for Plaintiffs shall, no later than **August 9, 2013,** serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing preparing for and attending the settlement conference.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

3. Counsel for the Nieto Defendants shall have until **August 23, 2013,** in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

1      4.      Counsel for Plaintiffs shall have until **August 30, 2013,** in which to file a reply.

2      5.      Plaintiffs' Motion to File Response (Dkt. #287) is GRANTED.

Dated this 26th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE