1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAINTERS JOINT COMMITTEE, et al., | ) | Case No. 2:10-cv-01385-JCM-PAL |
| Plaintiffs, | ) | **<u>ORDER</u>** |
| vs. | ) | |
| J.L. WALLCO, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Memorandum of Fees and Costs (Dkt. #326) filed August 6, 2013.  The court has considered the Memorandum; Defendants Richard Raoul Nieto's, Claudia Bammer's, and Sunrise Painting/RCH, Inc.'s (the "Nieto Defendants") Response (Dkt. #333) filed August 21, 2013; and Plaintiffs' Reply (Dkt. #336) filed August 26, 2013.

The court set forth the factual background and procedural history in this matter in its previous Order (Dkt. #324) entered July 26, 2013.  Pursuant to that Order, the court awarded Plaintiff reasonable costs and attorneys fees incurred in preparing for and attending the February 14, 2013, settlement conference that the Nieto Defendants failed to attend.  Plaintiff's Memorandum, which is supported by an affidavit of counsel, seeks attorneys fees for three attorneys at a rate of $165.00 per hour for a total of 37.91 hours billed between December 12, 2012, and August 2, 2013.

The Nieto Defendants respond they were not informed by their attorney until the morning of the settlement conference that one was even scheduled, and there was no way they could make it to Las Vegas by 9:00 a.m. on that date.  Additionally, they assert that Plaintiff's settlement offer was unacceptable, and no settlement would have been reached whether or not they had appeared in person together.  The court has already determined sanctions are appropriately awarded against the Nieto Defendants for the reasons set forth in its prior Order (Dkt. #324).

1    The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs

2    and fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Although the district court has

3    discretion in determining the amount of the fee award, it must calculate awards for attorneys fees using

4    the "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).  The

5    lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a

6    reasonable hourly rate.  *Id*.  The district court may, in rare cases, if the circumstances warrant, adjust the

7    lodestar to account for other factors which are not subsumed within it.  *Id*.  These factors were set out in

8    *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951

9    (1976).  Relevant factors include the preclusion of other employment by the attorney due to acceptance

10   of the case; time limitations imposed by the client or the circumstances; the amount involved and

11   results obtained; the undesirability of the case;[1] the nature and length of the professional relationship

12   with the client; and awards in similar cases.  *Id*. at n.1.  In most cases, the lodestar figure is a

13   presumptively reasonable fee award.  *Camacho,* 523 F.3d at 978.

14   As a general rule, the court considers the reasonable hourly rate in the relevant community

15   which is the forum in which the case is pending.  *Id*.  The court may consider rates outside the forum if

16   local counsel was unavailable because they lacked the degree of experience, expertise, or specialization

17   required to properly handle the case.  *Id*. (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

18   The United States Supreme Court has recognized that determining an appropriate market rate

19   for the services of a lawyer is inherently difficult for a number of reasons.  *Blum v. Stenson*, 465 U.S.

20   886, 895 n.11 (1984).  Traditional supply and demand principles do not ordinarily apply to prevailing

21   market rates for the services of lawyers.  *Id*.  The hourly rates of lawyers in private practice varies

22   widely.  *Id.*  The type of services provided by lawyers, as well as their experience, skill, and reputation,

23   varies extensively, even within a law firm.  *Id.*  The fee is usually discussed with the client and may be

24

25

26   [1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague*, 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536,

27   1546 n.4 (9th Cir. 1992), *vacated on other grounds,* 984 F.2d 345 (9th Cir. 1993) (noting "[t]he *Dague* opinion can also be read as casting doubt on the relevance of a case's desirability to the fee calculation")

28   (internal quotation marks omitted).

negotiated. *Id*. In determining the reasonableness of attorneys fees, the hourly rate is now generally recognized.  However, "courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates." *Id*.  In *Blum*, the Supreme Court stated that "[t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

The Ninth Circuit has stated that affidavits of the fee applicant's attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, are satisfactory evidence of the prevailing market rate. *Camacho*, 523 F.3d at 980 (citing *United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)) (internal quotation marks omitted). However, declarations of the fee applicant do not conclusively establish the prevailing market rate. *Id*.

The court finds that it is reasonable to sanction the Nieto Defendants for the work of one attorney preparing for and attending the settlement conference at a rate of $165.00 per hour.  The rate is reasonable for ERISA work in this district, and counsel are experienced ERISA attorneys.  The court will not, however, impose sanctions for work performed by three separate attorneys.  Although the client may be willing to pay for three attorneys, it is not appropriate to impose that bill as a sanction on the Nieto Defendants.  The settlement conference on February 14, 2013, lasted approximately two hours, and the court will award Plaintiff sanctions for the time of one attorney to attend the settlement conference. *See* Minutes of Proceedings (Dkt. #280).  The court will also allow for an hour of travel time to and from the conference.  Additionally, counsel spent 6.9 hours preparing its confidential settlement statement and 4.5 hours reviewing the court's Order imposing sanctions, reviewing billing records, and preparing the Memorandum of Fees. The court will also award counsel $5.34 in costs incurred.  The court will not approve the additional 23.41 hours claimed in the Memorandum for time spent on work that clearly served dual purposes, such as trial preparation and client communication. Accordingly, the court finds the following fees and costs are reasonably awarded as sanctions:

/ / /

| Travel to and appearing at settlement conference | 3.10 hours @ $165.00/hr = $511.50 |
|---|---|
| Preparing confidential settlement statement | 6.90 hours @ $165.00/hr = $1138.50 |
| Preparing memorandum of fees and reviewing court order regarding sanctions | 4.5 hours @ $165.00/hr = $742.50 |
| Costs | $5.39 |
| **Total** | **$2397.89** |

Accordingly,

**IT IS ORDERED** that the Nieto Defendants are sanctioned, jointly and severally, in the amount of $2397.89, which they shall pay to Plaintiffs no later than **November 8, 2013.**

Dated this 8th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4