UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAINTERS JOINT COMMITTEE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>J.L. WALLCO, INC. Dba Wallternatives, et al.,<br><br>        Defendants. | 2:10-CV-1385 JCM (PAL) |

**ORDER**

Presently before the court is the matter of *Painters Joint Committee, et al. v. J.L. Wallco, Inc., et al.*, case no. 2:10-cv-1385-JCM-PAL. The following motions are pending:

- Motion to dismiss counterclaim filed by the State of Nevada, Department of Business and Industry. (Doc. # 317).
- Motion to dismiss filed by Great American Capital. (Doc. # 328).
- Motion to amend/correct the third amended complaint by plaintiffs. (Doc. # 335).
- Motion for default judgment by plaintiffs. (Doc. # 344).

This case has now been pending for over three years. It has been bifurcated, un-bifurcated, and stayed at the parties' requests. Plaintiffs have filed amended complaints, added nearly 100 additional defendants, and proceeded to dismiss them piecemeal. There are multiple counter defendants, cross defendants, and cross claimants. There have been multiple stipulations filed dismissing some claims against some defendants. The result is that the court is left trying to decipher

**James C. Mahan**
**U.S. District Judge**

the voluminous filings in order to determine which claims are left, which parties are left, which claims are asserted by which parties, and which defenses are applicable to which parties. As has been previously highlighted by the court, the "scattershot" nature of these litigation tactics has rendered the docket nothing short of an incomprehensible mess.

It is well established that leave to amend should freely be given, and Rule 15 should be applied with extreme liberality. *See* Fed. R. Civ. P. 15; *see also Forman v. Davis*, 371 U.S. 178 (1962). With the tortured procedural history of this case in mind, the court will grant plaintiffs' motion to amend the complaint. (Doc. # 335). This will be the final time the court grants such relief.

In light of the magistrate's December 3, 2013, order modifying the discovery plan and scheduling order (doc. # 356) and, frankly, to clarify the docket, the court finds it in the interests of judicial economy to deny the pending motions without prejudice. With the amended complaint in mind, those motions may be re-filed as the parties see fit and in accordance with the deadlines set forth in the scheduling order. Plaintiffs are strongly encouraged to file an amended complaint which eliminates *all* unnecessary defendants so that this matter may proceed forward expeditiously.

As stated in the scheduling order, it is unlikely any further extensions will be granted due to the drawn-out nature of this case. Additionally, the court will not entertain any further motions to amend the complaint for the same reason.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to amend (doc. # 335) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss counterclaim (doc. # 317), motion to dismiss (doc. # 328), and motion for default (doc. # 344) be, and the same hereby are, DENIED WITHOUT PREJUDICE.

DATED January 16, 2014.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**